**NORMA A. AGUILAR**
California State Bar No. 211088
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: norma_aguilar@fd.org

Attorneys for Mr. Jesus Macias

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR509-BEN |
| Plaintiff, ) | DATE: APRIL 21, 2008<br>TIME: 2:00 P.M. |
| v. ) | |
| JESUS MACIAS, ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. ) | |

**STATEMENT OF FACTS**

Mr. Macias has not received any discovery.

The July 2007 Grand Jury returned an indictment against Mr. Macias on February 22, 2008. The indictment charges him with Conspiracy to Distribute Oxycodone and Hydrocodone Bitartrate, in violation of 21 U.S.C. § 841(a)(1), Distribution of Oxycodone and Hydrocodone Bitartrate, in violation of 21 U.S.C. § 841(a)(1), Possession with Intent Distribute of Oxycodone and Hydrocodone Bitartrade, in violation of 21 U.S.C. § 841(a)(1), Aiding and Abetting, in violation of 18 U.S.C. § 2 and Criminal Forfeiture.

Case 3:08-cr-00509-BEN    Document 42    Filed 04/07/2008    Page 2 of 7

I.

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

To date Mr. Macias has received no discovery. Mr. Macias moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.

2

(3) <u>Brady Material</u>.  Mr. Macias requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May result in a Lower Sentence Under The Guidelines</u>.  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record.

(6) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, <u>all persons who were apprehended as passengers in the van at issue in the instant case</u>, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and

3

1  investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to
2  preserve any such evidence.

3     (9) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(C) the opportunity to
4  inspect and copy as well as test, if necessary, all other documents and tangible objects, including
5  photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof
6  which are material to the defense or intended for use in the government's case-in-chief or were obtained from
7  or belong to the defendant.  Specifically, Mr. Macias requests a copy of the videotape interview of the
8  material witness, if one exists.

9     (10) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective
10 government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or
11 her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th
12 Cir. 1988).

13    (11) <u>Impeachment evidence</u>.  Mr. Macias requests any evidence that any prospective government
14 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
15 has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is
16 discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988)
17 (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from
18 a witness' credibility).

19    (12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any
20 evidence that any prospective witness is under investigation by federal, state or local authorities for any
21 criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

22    (13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Macias requests
23 any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective
24 witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that
25 a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States
26 v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

27    (14) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective
28 government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>,

1  716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United
2  States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses).  The
3  defendant also requests the name and last known address of every witness to the crime or crimes charged
4  (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.
5  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

6      (15) Name of Witnesses Favorable to the Defendant.  Mr. Macias requests the name of any witness
7  who made any arguably favorable statement concerning the defendant or who could not identify him or who
8  was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th
9  Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168
10 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert.
11 denied, 444 U.S. 1086 (1980).

12     (16) Statements Relevant to the Defense.  Mr. Macias requests disclosure of any statement that may
13 be "relevant to any possible defense or contention" that he might assert.  United States v. Bailleaux, 685 F.2d
14 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are relevant to the defense motion
15 to dismiss the indictment.

16     (17) Jencks Act Material.  The defense requests all material to which Mr. Macias is entitled pursuant
17 to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal
18 acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for
19 the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v. United States, 373 U.S. 487,
20 490-92 (1963).

21     (18) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
22 requests all statements and/or promises, expressed or implied, made to any government witnesses, in
23 exchange for their testimony in this case, and all other information which could arguably be used for the
24 impeachment of any government witnesses.

25     (19) Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P. 16(a)(1)(D), the
26 defendant requests the reports of all tests and examinations conducted upon the evidence in this case.
27 Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within
28 the possession, custody, or control of the government, the existence of which is known, or by the exercise

of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(20) <u>Henthorn Material</u>. The defense requests that the prosecutor review the personnel files of the officers involved in his arrests, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

(21) <u>Informants and Cooperating Witnesses</u>. Mr. Macias requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). Mr. Macias also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(22) <u>Expert Witnesses</u>. The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(E).

(23) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Macias requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## II.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Macias and defense counsel have received no discovery from the government. It is anticipated that as new information comes to light, the defense will likely find it necessary to file further

motions. Therefore, it is requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### III.
### **CONCLUSION**

For the reasons stated above, Mr. Macias moves this Court to grant his motions.

Respectfully submitted,

Dated: April 7, 2008

   /s/ *Norma A. Aguilar*
**NORMA A. AGUILAR**
Attorney for Mr. Macias
norma_aguilar@fd.org