KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6074
Facsimile: (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS MACIAS,<br><br>Defendant.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal Case No. 08CR0509-BEN<br><br>DATE:     April 21, 2008<br>TIME:     2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br>(1)     COMPEL DISCOVERY; AND<br>(2)     GRANT LEAVE TO FILE FURTHER MOTIONS<br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND THE GOVERNMENT'S MOTION TO:<br>(1)     PRODUCE RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to the above-referenced motions.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and Brady v. Maryland, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally. The Government has no objection to the Court granting leave to file further motions based on new information and requests reciprocal discovery.

# I

## STATEMENT OF FACTS

On February 22, 2007, Defendant JESUS MACIAS was indicted by a federal grand jury and charged in Criminal Case No. 08CR0509-BEN with conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, distribution of hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. § 841(a)(1), and criminal forfeiture. Defendant pled not guilty to all charges in the Indictment and the Government is in the process of complying with its discovery obligations in this case and other related cases.

# II

## DISCUSSION

**A.    The Government Will Comply With All Discovery Obligations**

   **(1)    Defendant's Statements**

The Government recognizes its obligation under Rules[1] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. This includes all recorded statements made by Defendant. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not

---

[1]    Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  It is unclear whether any rough notes in this case constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms).  Any notes would not be Brady material if the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment.  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient).  If the Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady, the rough notes will be provided to Defendant.

### (2)   Arrest Reports, Notes, and Dispatch Tapes

The Government has provided Defendant with all known reports related to Defendant's arrest in this case that are available at this time.  The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16.  As previously noted, the Government has no objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with a copy of the rough notes at this time because the notes are not subject to disclosure under Rule 16, the Jencks Act, or Brady.  Undersigned counsel is not aware of any relevant dispatch tapes at this time, but, after further consultation with the agents, will provide Defendant with any discoverable audio or video tapes.

### (3)   Brady Material

The Government will perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant  when such evidence is material to guilt or punishment.   The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States.  See Giglio

v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This

obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682;

United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed

(pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463,

479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed

evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See

United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see

United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from

other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the

defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)

amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.

Attorney could not reasonably be imputed to have knowledge or control over. See United States v.

Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create

exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir.

1980), but only requires that the Government "supply a defendant with exculpatory information of

which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(4)    Information That May Result in a Lower Sentence Under the Guidelines**

The Government will provide Defendant with all Brady material that may result in mitigation

of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing

on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing

date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988)(No Brady violation occurs

"if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

**(5)    Prior Record**

The Government has no information or record indicating that Defendant has any prior

convictions. To the extent that the United States determines that there are any documents reflecting

1  Defendant's prior criminal record, the United States will provide those documents to Defendant in

2  accordance with Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).

3  **(6)    404(b) Evidence**

4  The Government will disclose in advance of trial, the general nature of any "other bad acts"

5  evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  However,

6  the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R.

7  Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime

8  charged are "inextricably intertwined."  See United States v. Soliman, 812 F.2d 277, 279 (9th Cir.

9  1987).

10  **(7)    Evidence Seized**

11  The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon

12  reasonable notice, to examine, inspect, and copy all documents and tangible objects seized that is within

13  its possession, custody, or control, and that is either material to the preparation of Defendant's defense,

14  or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained

15  from or belongs to Defendant.

16  **(8)    Request for Preservation of Evidence**

17  The Government recognizes that the Constitution requires the Government to preserve evidence

18  "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467

19  U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an

20  exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature

21  that the defendant would be unable to obtain comparable evidence by other reasonably available

22  means."  Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).    The

23  Government will make every effort to preserve evidence it deems to be relevant and material to this

24  case.

25  **(9)    Tangible Objects**

26  The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon

27  reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody,

28  or control, and that is either material to the preparation of Defendant's defense, or is intended for use

by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### (10)    Evidence of Bias or Motive to Lie

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to falsify or distort his or her testimony.

### (11)    Impeachment Evidence

As previously discussed, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

### (12)    Evidence of Criminal Investigation of Any Government Witness

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.

### (13)    Evidence Affecting Perception, Recollection, Ability to Communicate

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

### (14)    Witness Addresses

The Government will provide Defendant with the reports containing the names of the agents involved in the apprehension of Defendant as well as the complete name of their agency and local post of duty. The Government strenuously objects to providing the home addresses or the home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to

disclose the names of its witnesses prior to trial. <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Bejasa</u>, 904 F.2d 137 (2d Cir. 1990)(United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence) .    Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

### (15)    Name of Witnesses Favorable to the Defendant

The Government is not aware of the names of any witnesses favorable to the Defendant's case. If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided to Defendant.

### (16)    Statements Relevant to the Defendant

The Government will provide all statements relevant to Defendant as required by Rule 16, <u>Brady</u>, and <u>Jencks</u>.    The Government is not all possible information and evidence regarding any speculative defense claimed by Defendant. <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8 (1995) (<u>per</u> <u>curiam</u>) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

### (17)    Jencks Act Material

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement

by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991)(citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)).

### (18)    <u>Giglio Information</u>

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under <u>Brady</u> and <u>Giglio</u>. <u>See</u> <u>United States v. Kojayan</u>, 8 F.3d 1315, 1322-23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002).   The Government is not aware of any <u>Giglio</u> information related to this case.  If the Government discovers the existence of <u>Giglio</u> information, the information will be provided to Defendant.

### (19)    <u>Reports of Scientific Tests or Examinations</u>

The Government will provide Defendant with any reports of any tests or examinations in accordance with Rule 16(a)(1)(F).  This includes the DEA laboratory reports (Form DEA 7) regarding the analysis of the drugs seized in this case.

### (20)    <u>Henthorn Material</u>

The Government will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002)(<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992).   If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

### (21)    <u>Informants and Cooperating Witnesses</u>

The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957).  The Court may, in some circumstances, be required to conduct an in-chambers

1  inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>.   <u>See</u>

2  <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997).  The Government may either

3  disclose the identity of any informant (subject to an agreed upon protective order) or submit the

4  informant's identity to the Court for an in-chambers inspection to determine whether and to what extent,

5  disclosure is warranted.

6                    **(22)    Expert Witness**

7        The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

8  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of

9  the Federal Rules of Evidence during its case-in-chief at trial.  This shall include the expert witnesses'

10  qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

11                    **(23)    Residual Request**

12        The Government will comply with all of its discovery obligation s, but objects to the broad and

13  unspecified nature of Defendant's residual discovery request.

14        **B.    Further Motions Based On New Information**

15        The Government does not object to the granting of leave to allow Defendant file further motions

16  as long as the additional motions are based on newly discovered evidence or discovery provided by the

17  Government subsequent to the instant motion at issue.

18                          **III**

19        **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

20        **A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

21        Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E),

22  the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1),

23  requests that Defendant permit the Government to inspect, copy and photograph any and all books,

24  papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within

25  the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence

26  in his case-in-chief at trial.

27

28

1   The Government further requests that it be permitted to inspect and copy or photograph any

2   results or reports of physical or mental examinations and of scientific tests or experiments made in

3   connection with this case, which are in the possession and control of Defendant, which he intends to

4   introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call

5   as a witness.  The Government also requests that the Court make such order as it deems necessary under

6   Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is

7   entitled.

8   **B.    Reciprocal Jencks – Statements By Defense Witnesses**

9   Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

10  production of the prior statements of all witnesses, except a statement made by a defendant.  The time

11  frame established by Rule 26.2 requires the statements to be provided to the Government after the

12  witness has testified.  However, to expedite trial proceedings, the Government hereby requests that

13  Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before

14  trial to be set by the Court.  Such an order should include any form in which these statements are

15  memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

16  **IV**

17  **CONCLUSION**

18  For the reasons stated herein, the Government respectfully requests that this Court deny

19  Defendant's motions to compel production of discovery and grant leave to file further motions, except

20  where unopposed, and grant the Government's motions to compel production of reciprocal discovery.

21  Dated:  April 14, 2008              Respectfully submitted,

22                                      KAREN P. HEWITT
                                        United States Attorney
23
                                        */s/ TIMOTHY F. SALEL*
24                                      TIMOTHY F. SALEL
                                        Assistant U.S. Attorney
25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0509-BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JESUS MACIAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery and To Grant Leave To File Further Motions**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

Norma A. Aguilar, Esq. @ norma_aguilar@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008             /s/  *TIMOTHY F. SALEL*
                                              TIMOTHY F. SALEL
                                              Assistant U.S. Attorney
                                              E-mail: timothy.salel@usdoj.gov

08CR0509-BEN